# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 19MJ3905 -JLB-WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| JOAQUIN TAPIA-GARCIA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to revoke order setting conditions of release filed by the Plaintiff United States of America (ECF No. 13-1).

**FACTS**

On September 11, 2019, Defendant was arrested. On September 12, 2019, a Complaint was filed charging the Defendant with unlawful entry by deported alien in violation of 8 U.S.C. §1326. Defendant made his first appearance before a United States Magistrate Judge and counsel was appointed. Defendant entered a plea of not guilty. The Government made a motion to detain the Defendant pending trial on the grounds of flight risk.

On September 17, 2019, the Magistrate Judge held a detention hearing. The Government sought detention on the grounds that the Defendant was a flight risk. Defendant asserted that there were conditions or combinations of conditions which could be set by the Court to assure his presence at future court appearances. The Magistrate Judge found that a combination of conditions would reasonably assure the Defendant's appearance and the safety of the community, and required a personal

appearance bond in the amount of $30,000, and secured by the signature of one financially responsible adults, and a cash deposit of 50%. (ECF No. 10).

On September 27, 2019, the Government filed a motion to revoke the order setting conditions of release. The Government asserts that the nature and circumstances of the charged offense are serious, the weight of the evidence is strong, and the characteristics of the Defendant weigh against release. The Government contends that the facts supports its position that the Defendant presents a significant risk of flight.

Defendant contends that the Government is seeking to apply a de facto rule to detain and individual without legal status. Defendant asserts that the Government has not demonstrated individualized factors to show risk of flight and that Defendant's extensive family ties support the release order.

On October 4, 2019, this Court held a hearing on the motion to revoke pretrial release order.

**RULING OF THE COURT**

The Magistrate Judge found that the Government had not carried its burden to show that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The Government is entitled to review by this Court. 18 U.S.C. § 3145(a)(1). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990).

The Bail Reform Act mandates the release of a person pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(e)(1). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

The Court takes into account all available information concerning the factors set forth in Section 3142(g) in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of any other person and the community including: 1) the nature and circumstances of the offense charged, 2) the weight of the evidence against the person, 3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Defendant has a significant criminal history and appears to be subject to supervised release in the District of Kentucky. Defendant has a number of felony convictions, including felony willful discharge of a firearm in 1995, felony sale or transportation of methamphetamine in 1997, and felony transportation of a controlled substance in 1997. On April 30, 2004, Defendant was convicted of a felony conspiracy to distribute a controlled substance in the Western District of Kentucky sentenced to 188 months in custody later reduced to 151 months with a term of supervised release of 5 years. Defendant was released in 2015 and deported on October 31, 2015.

The felony charges in this case are serious and the potential penalties for this case and the supervised release violation are significant. The weight of the evidence, while the least important factor, is strong. Defendant has not resided in the United States out of custody since 2004 and has limited ties to the United States. Defendant has no employment history in the United States and would not be able to work lawfully in the United States if released on bond. Defendant's criminal history, and lack of ties to the United States weigh in favor of detention pending trial. Defendant has a significant motive not to appear in order to avoid facing the charges in this case and the potential of another deportation. The Court has weighed all relevant factors set forth in 18 U.S.C. § 3142(g) and concludes the Government has established serious risk of flight by a

preponderance of the evidence. The record in this case demonstrates that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if he is released on bond.

IT IS HEREBY ORDERED that motion to revoke order setting conditions of release filed by the Plaintiff United States of America (ECF No. 13-1) is granted. The order setting conditions of release (ECF No. 10) is vacated.

IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with his counsel. While in custody, on order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to be defense and Government counsel.

DATED: October 8, 2019

**WILLIAM Q. HAYES**
United States District Judge